Jonathan Jantzen, Attorney General, SBN 016220
Samuel Daughety, Assistant Attorney General, SBN 023170
Office of Attorney General
TOHONO O'ODHAM NATION
P.O. Box 830
Sells, AZ  85634
(520) 383-3410
jonathan.jantzen@tonation-nsn.gov
samuel.daughety@tonation-nsn.gov

Seth P. Waxman (*Pro hac vice*)
Danielle Spinelli (*Pro hac vice*)
Annie L. Owens (*Pro hac vice*)
Shivaprasad Nagaraj (*Pro hac vice*)
Sonya L. Lebsack (*Pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
seth.waxman@wilmerhale.com
danielle.spinelli@wilmerhale.com
annie.owens@wilmerhale.com
shiva.nagaraj@wilmerhale.com
sonya.lebsack@wilmerhale.com

*Counsel for Defendant Tohono O'odham Nation*

COUNSEL CONTINUED ON FOLLOWING PAGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| THE STATE OF ARIZONA, THE GILA RIVER INDIAN COMMUNITY, and THE SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY,<br><br>                    Plaintiffs,<br>     v.<br><br>THE TOHONO O'ODHAM NATION,<br><br>                    Defendant. | Case No. 2:11-cv-296-DGC<br><br>**THE TOHONO O'ODHAM NATION'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

1  Michael J. Rusing, SBN 006617
2  Todd H. Hardy, SBN 023675
   RUSING LOPEZ & LIZARDI, PLLC
3  6363 N. Swan Road, Suite 151
   Tucson, AZ  85718
4  (520) 792-4800
5  mrusing@rllaz.com
   thardy@rllaz.com
6
   *Counsel for Defendant Tohono O'odham Nation*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule of Civil Procedure 56.1(a), defendant Tohono O'odham Nation (the Nation) hereby sets forth the material facts not subject to genuine dispute that support its Motion for Summary Judgment.[1]

1. In 1950, Congress authorized the construction of the Painted Rock Dam on the Gila River to protect non-Indian farmland and the City of Yuma from flooding. Flood Control Act of 1950, Pub. L. No. 81-516, §204, 64 Stat. 170, 176 (Nagaraj Decl. in Supp. of the Nation's Mot. for Summ. J., Ex. 22)[2]; H.R. Rep. No. 99-851, at 4 (1986) (Ex. 2).

2. The United States Army Corps of Engineers built the Painted Rock Dam ten miles downstream from the Nation's Gila Bend Indian Reservation in Maricopa County and thereafter sought to purchase a flowage easement or acquire the land outright, offers which the Nation rejected. H.R. Rep. No. 99-851, at 4-5.

3. In 1960, the Army Corps of Engineers initiated eminent domain proceedings and obtained a court-ordered flowage easement giving the Corps the "perpetual right to occasionally overflow, flood, and submerge" approximately 7,700 acres of the Gila Bend Indian Reservation "and all structures on the land, as well as to prohibit the use of the land for human habitation." H.R. Rep. No. 99-851, at 5; *see also* Declaration of Taking, *United States v. 7,743.82 Acres of Land* (D. Ariz. Nov. 23, 1960) (Ex. 23).

4. In the 1970s and 1980s, severe and almost continual flooding caused by the Painted Rock Dam rendered the Nation's 10,000-acre Gila Bend Indian Reservation uninhabitable and unable to be farmed, leaving the reservation's people without any land that could support economic development. H.R. Rep. No. 99-851, at 1, 5-6.

5. In response to the destruction of the Nation's reservation, Congress enacted the Gila Bend Indian Reservation Lands Replacement Act (Lands Replacement Act or LRA),

---

[1] Although the Nation, for the purpose of providing context, included additional facts it believes to be undisputed in the Background section of its Memorandum of Law in Support of its Motion for Summary Judgment, this separate statement of Material Undisputed Facts sets forth "only those facts that the Court needs to decide the motion." Local R. Civ. P. 56.1(a).

[2] All citations to exhibits in this Statement of Material Undisputed Facts refer to exhibits to the Nagaraj Declaration.

1

1  Pub. L. No. 99-503, 100 Stat. 1798 (1986) (Ex. 1), "to provide for the settlement of [the
2  Nation's] claims arising from the operation" of the dam and to "replace[] ... Reservation land
3  with land suitable for sustained economic use which is not principally farming."  H.R. Rep.
4  No. 99-851, at 1, 3.

5      6.    The Lands Replacement Act provided that in exchange for surrendering title to
6  the flooded lands and releasing "any and all claims of water rights or injuries to land or water
7  rights" against the United States, the Nation would receive $30 million to acquire
8  replacement lands.  LRA §§4(a), 6(c), 9(a).

9      7.    The Lands Replacement Act further provided that the Secretary of the Interior
10  was required to hold in trust for the Nation, on the Nation's request, lands acquired pursuant
11  to §6(c) of the Act that met certain requirements, including being located in unincorporated
12  portions of Maricopa, Pima, or Pinal Counties, and that such trust lands would be "a Federal
13  Indian Reservation for all purposes."  LRA §6(d).

14      8.    On October 13, 1987, the Nation entered into a written agreement with the
15  United States pursuant to the Lands Replacement Act in which it released its claims against
16  the United States and assigned the United States "all right, title and interest" in 9,880 acres
17  of its destroyed reservation lands in exchange for $30 million to purchase replacement lands.
18  *See* Agreement Between U.S. and the Nation to Provide for the Implementation of the Act of
19  Oct. 20, 1986 (Ex. 3).

20      9.    On December 4, 2002, the Nation and the State of Arizona executed a Gaming
21  Compact pursuant to the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§2701-2721.
22  *See* TON and Arizona 2002 Gaming Compact §3(e)(1), (k)(1) (Ex. 11) (Compact).

23      10.    On January 24, 2003, the Secretary of the Interior approved the Compact, *see*
24  Ex. 15, which became effective on February 5, 2003, *see* 68 Fed. Reg. 5,912 (Feb. 5, 2003).

25      11.    The 2002 Compact expressly "authorize[s]" Class III gaming on the "Indian
26  Lands" of the Nation.  Compact §3(a), (j)(1).

27      12.    The 2002 Compact defines "Indian Lands" as "lands as defined in [IGRA,] 25
28  U.S.C. §2703(4)(A) and (B), subject to the provisions of 25 U.S.C. §2719."  Compact §2(s).

13. In turn, §2703(4)(B) of IGRA defines "Indian lands" to include "any lands title to which is … held in trust by the United States for the benefit of any Indian tribe." And §2719(b)(1)(B)(i) of IGRA provides that although Class III gaming is generally barred on land taken into trust after IGRA's effective date ("after-acquired lands"), that bar does not apply to land acquired as part of "a settlement of a land claim."

14. The 2002 Compact does not expressly prohibit the Nation or any other tribe from gaming in Phoenix. *See* Compact.

15. The 2002 Compact does not expressly prohibit the Nation or any other tribe from gaming on after-acquired lands. *See* Compact.

16. The 2002 Compact provides that it "contains the entire agreement of the parties with respect to the matters covered by this Compact and no other statement, agreement, or promise made by any party, officer, or agent of any party shall be valid or binding." Compact §25.

17. In August 2010, the Secretary of the Interior determined that he was required to take a portion of land the Nation had acquired in unincorporated Maricopa County under the Lands Replacement Act (Parcel 2) into trust. 75 Fed. Reg. 52,550 (Aug. 26, 2010). This Court upheld that decision against legal challenge by plaintiffs and others, and the Court of Appeals for the Ninth Circuit affirmed this Court's judgment. *GRIC v. United States*, 776 F. Supp. 2d 977 (D. Ariz. 2011), *aff'd*, 697 F.3d 886 (9th Cir. 2012).

3

Dated:  November 19, 2012     Respectfully submitted,

/s/ Danielle Spinelli
Jonathan Jantzen,
Attorney General, SBN 016220
Samuel Daughety
Assistant Attorney General, SBN 023170
Office of Attorney General
TOHONO O'ODHAM NATION
P.O. Box 830
Sells, AZ  85634
(520) 383-3410
jonathan.jantzen@tonation-nsn.gov
samuel.daughety@tonation-nsn.gov

Seth P. Waxman (*Pro hac vice*)
Danielle Spinelli (*Pro hac vice*)
Annie L. Owens (*Pro hac vice*)
Shivaprasad Nagaraj (*Pro hac vice*)
Sonya L. Lebsack (*Pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
seth.waxman@wilmerhale.com
danielle.spinelli@wilmerhale.com
annie.owens@wilmerhale.com
shiva.nagaraj@wilmerhale.com
sonya.lebsack@wilmerhale.com

Michael J. Rusing, SBN 006617
Todd H. Hardy, SBN 023675
RUSING LOPEZ & LIZARDI, PLLC
6363 N. Swan Road, Suite 151
Tucson, AZ  85718
(520) 792-4800
mrusing@rllaz.com
thardy@rllaz.com

*Counsel for Defendant Tohono O'odham Nation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

/s/ Danielle Spinelli
DANIELLE SPINELLI