| | |
|---|---|
| Mary R. O'Grady (#011434)<br>John L. Blanchard (#018995)<br>Shane M. Ham (#027753)<br>Grace E. Rebling (#028661)<br>OSBORN MALEDON, P.A.<br>2929 North Central Avenue<br>Suite 2100<br>Phoenix, Arizona  85012<br>(602) 640-9352<br>mogrady@omlaw.com<br>jblanchard@omlaw.com<br>sham@omlaw.com<br>grebling@omlaw.com<br><br>*Attorneys for Plaintiff Salt River Pima-Maricopa Indian Community*<br><br>Thomas C. Horne (#002951)<br>Attorney General<br>Michael Tryon (#003109)<br>Evan Hiller (#028214)<br>Assistant Attorneys General<br>1275 West Washington Street<br>Phoenix, Arizona  85007-2926<br>(602) 542-5025<br>Tom.horne@azag.gov<br>Michael.tryon@azag.gov<br>Evan.hiller@azag.gov<br><br>*Attorneys for Plaintiff the State of Arizona* | Linus Everling, General Counsel (#019760)<br>GILA RIVER INDIAN COMMUNITY<br>525 W. Gu u Ki<br>P.O. Box 97<br>Sacaton, Arizona  85247<br>(520) 562-9763<br>Linus.Everling@gric.nsn.us<br><br>James P. Tuite (Pro Hac Vice)<br>Merrill C. Godfrey (Pro Hac Vice)<br>Jason T. Hauter (#022188)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC  20036-1564<br>(202) 887-4000<br>jtuite@akingump.com<br>mgodfrey@akingump.com<br>jhauter@akingump.com<br><br>Brian J. Schulman (#015286)<br>GREENBERG TRAURIG LLP<br>2375 E. Camelback Road, Suite 700<br>Phoenix, AZ  85016<br>602-445-8000<br>schulmanb@gtlaw.com<br><br>*Attorneys for Plaintiff Gila River Indian Community* |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **The State of Arizona**; **The Gila River Indian Community**, a federally recognized Indian tribe; and **The Salt River Pima-Maricopa Indian Community**, a federally recognized Indian tribe,<br><br>      Plaintiffs,<br><br>    v.<br><br>**The Tohono O'odham Nation**, a federally recognized Indian tribe,<br><br>      Defendant. | Case No. 2:11-cv-00296-DGC<br><br>**MOTION FOR PARTIAL RECONSIDERATION**<br><br>(Assigned to Hon. David G. Campbell) |

Pursuant to Rule 7.2(g) of the Local Rules of Practice, plaintiffs respectfully move the Court to reconsider a single issue in its Order of May 7, 2013 [Doc. 216] granting summary judgment to defendant Tohono O'odham Nation. Reconsideration is required to correct a "manifest error" resulting from the Court "overlook[ing] or misapprehend[ing]" evidence that, when viewed in the light most favorable to the nonmoving party, unequivocally shows the existence of a genuine dispute of material fact regarding the applicability of Restatement (Second) § 201(1). LRCiv 7.2(g). This error is material because the existence of such evidence precludes the granting of summary judgment to the Nation. Fed. R. Civ. P. 56(a).

As noted in the Court's May 7 Order, to prevail under Restatement (Second) § 201(1), plaintiffs must show that "the Nation attached the same meaning to the Compact as the State." Doc. 216 at 22. After rejecting the *undisputed* evidence on which plaintiffs rely for that proposition (namely, the statements of the spokesman for the Arizona Indian Gaming Association (AIGA)), the Court erroneously concluded that the record contains no "additional evidence" on this issue.[1] *Id.* at 23. That conclusion, however, overlooks substantial *disputed* evidence that representatives of the Nation made a number of public statements that the Compact would not permit additional casinos in the Phoenix metropolitan area. This evidence includes, without limitation:

1. Edward Manuel, the Nation's Chairman at the time, personally represented to the editorial boards of two Tucson-area newspapers that under the Compact there would be no additional casinos in the Phoenix market. Doc. 199 ¶ 184; Doc. 204 ¶ 184.
2. Alexander Ritchie, assistant to Chairman Manuel and the Nation's liaison to AIGA at the time, personally represented to the editorial boards of two

---

[1] Plaintiffs do not seek reconsideration of the Court's holding on the probative nature of the AIGA and campaign statements but instead respectfully preserve the issue for appeal.

    Tucson-area newspapers that under the Compact there would be no additional casinos in the Phoenix market.  Doc. 199 ¶ 184; Doc. 204 ¶ 184.

3. Mr. Ritchie personally represented to Arizona legislators that under the Compact there would be no additional casinos in the Maricopa County market.  Doc. 199 ¶ 140; Doc. 204 ¶ 140.

4. Joe Abate, the Nation's lobbyist at the time, personally represented to Arizona legislators that under the Compact there would be no additional casinos in the Maricopa County market.  Doc. 199 ¶ 140; Doc. 204 ¶ 140.

5. The Nation's lobbyists participated in meetings to coordinate messages to give to legislators, including the message that there would be no additional casinos in the Phoenix metropolitan area.  Doc. 199 ¶ 141.  The Nation does not dispute that its lobbyists participated in the meetings, but disputes that its lobbyists personally told or were asked to tell legislators that there would be no additional casinos in the Phoenix area.  Doc. 204 ¶ 141.

6. Tribal lobbyists communicated to legislators the same message contained in Mr. LaSarte's April 2002 testimony before the Arizona legislature that there would be no additional casinos in the Phoenix metropolitan area.  Doc. 199 ¶ 155; Doc. 204 ¶ 155.

Plaintiffs included these evidentiary items in their Statement of Undisputed Material Facts (Doc. 199) because at that time they stood uncontroverted in the record.  The Nation, however, subsequently disputed each of the evidentiary items listed above with declarations attached to its Controverting Statement of Facts.  Doc. 204 ¶¶ 122, 140, 141, 155, 184.  Thus, counsel for plaintiffs did not refer to this evidence when the Court asked at oral argument whether there is "any *undisputed* evidence on which I can rely *for purposes of summary judgment* that the Nation itself shared the view that this compact prohibited any additional casinos in the Phoenix area."  Doc. 215 at 38 (emphasis added).  Rather, counsel referred only to the AIGA statements, which the Nation has never disputed.

The existence of the disputed evidence is noted in the Plaintiffs' briefs. Doc. 198 at 13; Doc. 211 at 13 n.7. Moreover, in response to plaintiff counsel's explanation of the critical importance under § 201(1) of objective evidence of the Nation's intent, the Court even noted the existence of this factual dispute: "*It seems to me there's a factual dispute* as to what intent [the Nation] did or did not have at the time [the Compact] was signed with respect to additional casinos in Phoenix." Doc. 215 at 44 (emphasis added).

The Court's questions at oral argument asked counsel to identify only undisputed evidence that would entitle Plaintiffs to summary judgment and not disputed evidence that would require a trial. Therefore, it is manifest error for the Court to infer from the response to its question about *undisputed* evidence that the record contains no *disputed* evidence precluding summary judgment on the § 201(1) issue. In light of the disputed evidence that several representatives of the Nation made multiple public statements expressing the view that the Compact would permit no additional casinos in the Phoenix metropolitan area, Plaintiffs respectfully move the Court to reconsider its May 7 decision, deny summary judgment on the § 201(1) issue, and set the issue for trial.

///

///

///

///

///

RESPECTFULLY SUBMITTED this 13th day of May 2013.

| | |
|---|---|
| OSBORN MALEDON, P.A. | GILA RIVER INDIAN COMMUNITY |
| By  s/ Shane M. Ham<br>   Mary R. O'Grady<br>   John L. Blanchard<br>   Shane M. Ham<br>   Grace E. Rebling<br>   2929 N Central Avenue, Suite 2100<br>   Phoenix, Arizona  85012<br><br>*Attorneys for Plaintiff Salt River Pima-Maricopa Indian Community* | By  s/ James P. Tuite (with permission)<br>   Linus Everling, General Counsel<br>   525 W. Gu u Ki<br>   P.O. Box 97<br>   Sacaton, Arizona  85247<br><br>   James P. Tuite (*Pro Hac Vice*)<br>   Merrill C. Godfrey (*Pro Hac Vice*)<br>   Jason T. Hauter (#022188)<br>   AKIN GUMP STRAUSS HAUER &<br>     FELD LLP<br>   1333 New Hampshire Avenue, N.W.<br>   Washington, DC  20036-1564 |
| OFFICE OF THE ATTORNEY GENERAL, STATE OF ARIZONA | |
| By  s/ Michael Tryon (with permission)<br>   Thomas C. Horne, Attorney General<br>   Michael Tryon<br>   Evan Hiller<br>   Assistant Attorneys General<br>   1275 W Washington Street<br>   Phoenix, Arizona  85007-2926<br><br>*Attorneys for Plaintiff the State of Arizona* | Brian J. Schulman<br>GREENBERG TRAURIG LLP<br>2375 E Camelback Road, Suite 700<br>Phoenix, Arizona  85016<br><br>*Attorneys for Plaintiff Gila River Indian Community* |

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 13, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants:

s/ Julie Greenwood